IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVA MISSELDINE,

        Petitioner,

v.

THOMAS LILLARD,

        Respondent.

Case No. 25-CV-01418-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Ava Misseldine, an inmate currently incarcerated at Federal Correctional Institution Greenville in Illinois, brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On October 3, 2022, Petitioner Misseldine pleaded guilty via a plea agreement to fifteen counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of making a false statement in application or use of a passport in violation of 18 U.S.C. § 1542. *See United States v. Misseldine,* No. 22-cr-00168-MHW-1 (N.D. Ohio) (Docs. 19, 29). On August 14, 2023, District Judge Michael H. Watson sentenced her to 72 months imprisonment and 3 years of supervised release for each Count, all to run concurrently. *Id.* (Doc. 49). She was also ordered to pay $1,556,999.45 in restitution

and to pay a $1,600.00 special assessment. *Id.* Petitioner Misseldine's release date is December 7, 2026. *See Find an inmate.*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ [https://perma.cc/7CKY-Z5UZ] (last visited Aug. 7, 2025) (search for Inmate Locator No. 05864-510).

## APPLICABLE LEGAL STANDARDS

A petitioner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335).

Before seeking relief in federal court, a prisoner is required to exhaust their administrative remedies. *Beam v. Sproul*, No. 3:24-CV-02255-GCS, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Complete exhaustion of administrative remedies is required, even if the appeals process results in the denial of the requested relief. *Id.* (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)). Where a petitioner complains that errors have been made with respect to the BOP's policies and calculations, the BOP must first be given the opportunity to correct any such error. *Id.* (citing *Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008)).

To properly exhaust their administrative remedies, a petitioner must first file an informal complaint with the institution staff. *Garcia v. Emmerich*, No. 25-CV-323-WMC, 2025 WL 1859156, at *1 (W.D. Wis. June 18, 2025) (citing 28 C.F.R. § 542.13(a)). If the complaint is not resolved informally, petitioner must next file an administrative remedy request on a BP-9 form at the institution where they are incarcerated. *Id.* (citing 28 C.F.R. § 542.14(a)). If petitioner is not satisfied with the warden's response to the BP-9 form complaint, they may appeal to the Regional Director on a BP-10 form within 20 days. *Id.* (citing 28 C.F.R. § 542.15(a)). If unsatisfied with the Regional Director's response to the BP-10 form, petitioner may appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* (citing 28 C.F.R. § 542.15(a)). To reiterate, complete exhaustion of remedies is required. *Id.*; *see Beam*, 2025 WL 1359903, at *1.

That being said, exhaustion can be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). "In other contexts, exhaustion can also be excused when "prison officials prevent inmates from using the administrative process . . . ." *Moon v. Walton*, No. 12-CV-636-DRH-DGW, 2013 WL 3453691, at *3 (S.D. Ill. July 9, 2013) (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). "Moreover, when considering whether common-law exhaustion requirements have been met, the Court may consider whether, in a particular case,

the requirement is waived because an 'agency had placed unreasonable restrictions on access to them.'" *Id.* (quoting *Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1327 (7th Cir. 1995)).

## ANALYSIS

In the instant Petition, Misseldine argues that she meets the criteria for home confinement, meaning that she should bypass placement at a residential reentry center ("RRC") or halfway house; that her referral for an RRC/halfway house was submitted less than 60 days from her projected RRC placement date, resulting in it being denied; and that her case manager refuses to resubmit her paperwork to request home confinement. (Doc. 1, p. 6). Misseldine requests for this Court to "direct the BOP to correct [her] prerelease placement from a halfway house to home confinement" and requests "immediate release." (*Id.*, p. 7). She admits that she has not exhausted administrative remedies for her Petition, yet requests "that the Court waive the administrative exhaustion requirement under Chevron USA, Inc. v. NRDC, 467 U.S. 834 (1984) because this issue involves legal misrepresentation by the BOP and [her] Case Manager of a federal statute" and claims that she is facing "unlawful and extended incarceration while waiting for internal remedies and exhaustion would be futile due to the threats [she] received from her Case Manager causing the withdrawal of [her] BP9." (*Id.*).

First, Misseldine has clearly failed to demonstrate that she has exhausted her administrative remedies for this matter. Complete exhaustion is required, and she admits that she has not submitted a BP-10 request or appealed to the Office of General Counsel. *See Beam*, 2025 WL 1359903, at *1. Second, her argument seeking

this Court to interpret the relevant statute pursuant to *Chevron* is unavailing; it was overruled by the Supreme Court in 2024. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) (overruling *Chevron*). However, Misseldine also alleges that her case manager (Ms. Lisa Newsome) threatened her regarding her submission of a BP-9 form, saying that Misseldine's "paperwork would be resubmitted for a date next year" if she did not withdraw her BP-9 form. (Doc. 1, p. 3). This Court takes such matters very seriously. Moreover, "[t]he burden is upon *respondent* to show that petitioner failed to exhaust his administrative remedies." *Moon*, 2013 WL 3453691, at *3 (emphasis added). Thus, this Court holds that waiver of the exhaustion requirement is necessary here to ensure Warden Lillard files a response addressing these issues. Therefore, without commenting on the merits of Misseldine's claims, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Misseldine is not entitled to habeas relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent Lillard shall answer or otherwise plead on or before September 8, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Misseldine is **ADVISED** of her continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in her whereabouts during the

pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   August 7, 2025**

>    s/ *Stephen P. McGlynn*
>    **STEPHEN P. McGLYNN**
>    **U.S. District Judge**